IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

WAIS JALALI,

    Appellant,

    v.                                          CIVIL NO.: WDQ-11-1069

PIERCE ASSOCIATES, INC.,

    Appellee.

MEMORANDUM OPINION

Chapter 7 debtor, Wais Jalali, appealed an order from the United States Bankruptcy Court for the District of Maryland granting Pierce Associates, Inc.'s ("Pierce") motion to modify the automatic stay in Jalali's bankruptcy. For the following reasons, Jalali's motion to stay that order pending appeal and his emergency motion to stay will be denied.

I. Background

On June 28, 2010, Pierce sued Jalali, Potomac Environmental Technologies, Inc. ("Potomac"), and WDJ Capital Holdings, Inc. ("WDJ") in the United States District Court for the Eastern District of Virginia for breach of contract, breach of corporate guaranty, and fraud. ECF No. 14 at 3. Jalali is the controlling shareholder of WDJ and sole shareholder of Potomac. ECF No. 14 at 4.

On October 18, 2010, Potomac filed a voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland. ECF No. 1, Ex. 2. On December 2, 2010, WDJ initiated a voluntary Chapter 7 bankruptcy, and on December 15, 2010, Jalali initiated his voluntary Chapter 7 bankruptcy. *Id.* On December 17, 2010, and December 28, 2010, the Bankruptcy Court granted motions to jointly administer the three bankruptcies. *Id.*

On January 19, 2011, Pierce filed a motion for relief from the automatic stay to allow it to continue litigation against Jalali in the Eastern District of Virginia. ECF No. 1, Ex. 2. The February 18, 2011 hearing on the motion was not held until March 18, 2011 because United States Bankruptcy Judge Robert A. Gordon granted continuances requested by Pierce and Jalali. *Id.*

On March 15, 2011, Jalali filed his second motion for continuance, which Judge Gordon denied at the March 18, 2011 hearing. *Id.* Jalali did not attend the hearing, and his counsel explained that the continuance was requested because Jalali "should have an opportunity to introduce himself to the Court" and to "present his case to the Court" and allow "the Court to get to know him." Hr'g Tr. 5:1-10. The sole reason presented for Jalali's absence was—although he had been in the United States until March 4, 2011—he "was not able to stay . . . through [the hearing date]." Hr'g Tr. 4:23-24.

At the hearing, Judge Gordon denied the continuance and modified the automatic stay to allow claims against Jalali in Virginia to proceed.[1] He explained that the automatic stay was modified because: (1) Pierce's claims against Jalali involved issues of Virginia law better suited for resolution by the Virginia district judge who had invested substantial time in the case, (2) modifying the stay would promote judicial economy because the issues in the Jalali suit were related to Pierce's claims against Potomac and WDJ for which the stay had previously been modified, and (3) the modified stay would protect Jalali's bankruptcy estate from the enforcement of any judgment obtained in Virginia. *Id.* 30:16-33:17.

On April 25, 2011, Jalali appealed the Bankruptcy Court's order denying the continuance and modifying the automatic stay. ECF No. 1, Ex. 1. On May 10, 2011, he filed a motion seeking to stay the order pending the outcome of his appeal. ECF No. 11, Ex. 8. On May 16, 2011, the Eastern District of Virginia held a hearing on Pierce's motion for sanctions or default judgment, and the motion was referred to a magistrate judge for a report and recommendation. ECF No. 16 at ¶ 11.

On May 20, 2011, Jalali filed in this Court a motion to stay enforcement of Judge Gordon's March 18, 2011 order pending

---

[1] On January 25, 2011, Judge Gordon had modified the automatic stay to allow Pierce to proceed with its claims in Virginia against Potomac and WDJ. ECF No. 14, Ex. 22.

3

appeal. ECF No. 11. On August 4, 2011, Jalali filed an emergency motion seeking the same relief because the magistrate's report and recommendation had been issued and objections were scheduled to be filed by August 15, 2011. ECF No. 16.[2]

II. Analysis

Jalali seeks to stay enforcement of the Bankruptcy Court order under Fed. R. Bankr. P. 8005 until this Court rules on his appeal. ECF Nos. 11 & 16. He argues that the order should be stayed to avoid "moot[ing]" his appeal and "prejudic[ing him] by the continuation of the litigation in the Eastern District of Virginia." ECF No. 11 at ¶ 12. Pierce argues that Jalali is not entitled to a stay because he did not first seek such relief from the Bankruptcy Court, as required by Rule 8005, and has not otherwise made the showing required for a stay. ECF No. 13 at 7-8.

A. Compliance with Rule 8005

Under Rule 8005:

A motion for a stay of judgment, order, or decrees of a bankruptcy judge must ordinarily be presented to the bankruptcy judge in the first instance . . . the bankruptcy judge may suspend or order the continuation of other proceedings in the case . . . A motion for such relief . . . may be made to the district court . . . . but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

---

[2] The motion to stay and the emergency motion to stay make the same arguments.

4

Fed. R. Bankr. P. 8005.

The failure to comply with Rule 8005 by first seeking relief from the bankruptcy court "weighs heavily" against a stay, and "may be fatal" to the request. *In re Union Trust Philadelphia, LLC,* 2011 WL 3330797, at *3 (E.D. Pa. Aug. 2, 2011)(quoting *In re Fort Defiance Hous. Corp.,* 2009 WL 3352303, at *1 (D. Ariz. Oct. 16, 2009)). "To escape the requirement, the party seeking a stay must show the bankruptcy judge was unavailable or the request was previously denied." *Id.*

Jalali sought a stay from the Bankruptcy Court before filing this motion, see ECF No. 11, Ex. 8, but, the Bankruptcy Court has not ruled on his request; because Jalali expected a decision on Pierce's motion for sanctions or default judgment in Virginia shortly after the hearing there, he also sought relief from the Bankruptcy Court order in this Court. Jalali has satisfied Rule 8005, and under these circumstances is not required to wait for the Bankruptcy Court's denial of his motion to stay before seeking relief here.[3]

B.   Necessary Showing for a Stay Pending Appeal

The issuance of a stay pending appeal is within the district court's discretion, and the party seeking the stay must prove that: (1) he will suffer irreparable injury if the stay is

---
[3] See *Union Trust,* 2011 WL 3330797 at *3 (unavailability of bankruptcy judge allows district court to make first decision on the motion to stay).

denied, (2) other parties will not be substantially harmed by the stay, (3) the stay will serve the public interest, and (4) he is likely to prevail on the merits of the appeal. *Culver v. Boozer*, 285 B.R. 163, 165 (D. Md. 2002); *Long v. Robinson*, 432 F.2d 977, 979-80 (4th Cir. 1970). As the movant, Jalali "must address each factor, regardless of its relative strength," and must "provid[e] specific facts" in support of each. *In re Akron Thermal, LP,* 414 B.R. 193, 201 (N.D. Ohio 2009).

1. Irreparable Injury to Jalali

Jalali argues that if the stay is not granted he will be irreparably injured because his appeal may be mooted and a default judgment entered against him. ECF No. 16 at 4. Mooting of an appeal is the "quintessential form of prejudice" which might justify granting of a stay. *In re Advanced Min. Sys., Inc.*, 173 B.R. 467, 468-69 (S.D.N.Y. 1994). Here, a Virginia default judgment against Jalali would likely moot his appeal for reinstatement of the automatic stay of the Virginia suit pending Jalali's bankruptcy. Accordingly, this factor favors Jalali. *See id.*

2. Harm to Pierce

Pierce contends that it will be substantially harmed if a stay is granted because it "has already spent substantial amounts of money to bring the litigation against Jalali" in Virginia, and the magistrate's report is expected to resolve

that litigation. ECF No. 13 at 10. Jalali has not addressed the harm to Pierce. Although it does not appear that Pierce would be irreparably harmed by a stay, the delay in resolving the Virginia litigation, and Pierce's expenditures there, weigh against a stay.[4]

3. Public Interest

Jalali argues that the public interest would be served by a stay because "[t]he issues related to protections of the Bankruptcy Code should be fully resolved before litigation is concluded that could vitiate those protections without participation of the Bankruptcy Court." ECF No. 11 at ¶ 14. As explained below, during the March 18, 2011 hearing, Judge Gordon correctly explained that Jalali's bankruptcy estate could be protected by maintaining the stay against the enforcement of any judgment obtained against him in Virginia. Also, the public interest in efficiently resolving cases would not be furthered by a stay.[5] Accordingly, this factor does not favor Jalali.

---

[4] See S.C. of Okaloosa, Inc. v. Brignac, 2006 WL 2356007, at *3-4 (W.D. La. Aug. 14, 2006)(substantial harm would result if stay was granted when parties had "been involved in th[e] bankruptcy litigation for over six years," the case had cost them "significant attorney fees," and the stay would prevent a settlement "resolv[ing] the majority of issues and . . . facilitate the long awaited conclusion" of the case).

[5] See In re McIntyre Bldg. Co., 2011 WL 1434691 at *7 (Bankr. M.D. Ala. Apr. 14, 2011)("Interlocutory appeals are by nature disfavored due to their piecemeal effect on cases and their ability to destroy . . . efficiency in the proceedings"); In re Frascella Enters., Inc., 388 B.R. 619, 629 (Bankr. E.D. Pa.

7

4. Likelihood of Success on the Merits

Jalali argues that he is likely to succeed on the merits of his appeal because Judge Gordon abused his discretion in modifying the automatic stay by (1) ruling on that motion without granting Jalali a continuance, and (2) not considering Jalali's arguments against Pierce's assertion that Jalali had filed for bankruptcy in bad faith. ECF No. 11 at ¶ 13.

a. Request for Postponement

On Jalali's appeal, this Court will review the Bankruptcy Court's denial of the request for continuance for abuse of discretion. *See Fralick v. Hasenberg*, 2006 WL 2390289, at *3 (D. Md. Aug. 17, 2006)(*citing In re La Sierra Fin. Servs., Inc.*, 290 B.R. 718, 726 (9th Cir. 2002)). In the Fourth Circuit, denial of a continuance is an abuse of discretion only if it results from "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Williams*, 445 F.3d 724, 739 (4th Cir. 2006). Jalali is unlikely to prevail under this standard.

First, it is undisputed that the motion for a continuance was filed only three days before the hearing, and at the hearing his counsel conceded that Jalali had left the country about 10

---

2008)(noting that the public interest in "prompt and fair resolution of bankruptcy cases" is not served by "further delay while [a party] pursues an interlocutory appeal to the District Court").

days earlier.[6] At the hearing, Jalali's counsel merely suggested that a continuance would permit Jalali to "introduce himself to the Court," and did not explain his absence, or demonstrate the need for his presence. Hr'g Tr. 4:23-5:10; 6:12-14. Counsel presented no "justifiable" reason for further delay of the hearing on Pierce's motion to lift the automatic stay, and Judge Gordon properly exercised his discretion to manage his docket.

    b.   Decision to Modify the Automatic Stay

On appeal, this Court will review Judge Gordon's decision to modify the stay under an abuse of discretion standard. *In re Ramkaran*, 315 B.R. 361, 364 (D. Md. 2004). A bankruptcy judge abuses his discretion in lifting an automatic stay only if he "relies upon clearly erroneous findings of fact or uses an erroneous legal standard." *McDow v. Official Comm. Of Equity Sec. Holders of Criimi Mae, Inc.*, 247 B.R. 146, 151 (D. Md. 1999)(*citing Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

Under 11 U.S.C. § 362 (d)(1), a bankruptcy court may grant relief from an automatic stay if "cause" is shown. In deciding whether there is cause, bankruptcy courts should consider:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the

---

[6] *See Fralick*, 2006 WL 2390289 at *3-4 (bankruptcy court did not abuse its discretion in denying motion to continue when, although movant may have had a "compelling reason" to request a continuance, he failed to do so in a timely manner, instead waiting until the day before the hearing).

bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

At the March 18, 2011 hearing, Judge Gordon correctly articulated the *Robbins* factors and explained how each justified modifying the stay. He did not "use an erroneous legal standard," and Jalali has not shown that his decision was based "upon clearly erroneous findings of fact." *McDow*, 247 B.R. at 151. Further, contrary to Jalali's assertion, Judge Gordon did not ignore the arguments about Jalali's bad faith, and explained that he was not relying on the alleged bad faith to modify the automatic stay. *See* Hr'g Tr. 29:9-14.

Accordingly, Jalali has not shown a likelihood of success on the merits, the balance of the other factors does not weigh clearly in his favor, and his motion and emergency motion to stay will be denied.

III. Conclusion

For the reasons stated above, Jalali's motion and emergency motion to stay will be denied.

_____8/11/11_____    _____/s/_____
Date                      William D. Quarles, Jr.
                          United States District Judge